# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY ANN MAHAFFEY | : | |
| | : | CIVIL ACTION –LAW |
| PLAINTIFF | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| UNITED STATES POSTAL SERVICE, and | : | |
| UNITED STATES OF AMERICA | : | NO: 2:23-cv-1007 |
| | : | |
| DEFENDANTS | : | |

## COMPLAINT

AND NOW COMES Plaintiff, Mary Ann Mahaffey, by and through her legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against the Defendants, United States Postal Service and United States of America, as follows:

## PARTIES

1. Plaintiff, Mary Ann Mahaffey, is a competent adult who currently resides at 183 Russell Drive, Brockway, Jefferson County, Pennsylvania 15824.

2. Defendant, United States Postal Service is a governmental agency of the of the United States of America with a business office located at 300 Main St, Brockway, PA 15824.

3. Defendant, United States of America, operates the United States Postal Service as an agency of the government of the United States of America.

## JURISDICTION AND VENUE

4. The Court possesses jurisdiction over the claims set forth herein, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.

5. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

6. Pursuant to 28 U.S.C. §§ 1402(b)(2), venue is proper in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Plaintiff resides in this judicial district.

7. Plaintiff brings this action within six (6) months of the United States Postal Service's final denial of claim pursuant to 28 U.S.C. § 2401(b).

8. Plaintiff has complied with the provisions of 28 U.S.C. §2675 and §2401 of the FTCA.

9. The claims herein are brought against the Defendants pursuant to the FTCA for money damages as compensation for personal injuries and other losses caused by the negligence of the Defendants and their employees and/or agents.

## FACTUAL ALLEGATIONS

10. The facts and occurrences stated herein took place on October 4, 2019 at the United States Post Office located at 300 Main Street, Brockway, Pennsylvania (hereinafter "Premises")

11. On the aforesaid date, Plaintiff was a lawful business invitee on the Premises.

12. On the aforesaid date, Plaintiff tripped and fell to the ground by reason of rubber mat in the lobby of the Premises which was buckled, deteriorated and otherwise not in proper condition or working order, causing Plaintiff to suffer serious and permanent injuries as set forth in greater detail herein.

13. At all relevant times hereto, the Defendants were in possession and control of the aforementioned Premises.

14. At all relevant times, the Premises was under the supervision, control, management, and maintenance of the Defendants.

15. At all relevant times hereto, the Defendants were responsible for the inspection, maintenance, upkeep and overall safety of the Premises, including the floor mats and walkways then and there existing on the Premises.

16. At all relevant times hereto, the Defendants were responsible for adequately monitoring the Premises to ensure the safety of lawful business invitees.

17. At all relevant times hereto, the Defendants were responsible for inspecting the floor mats and walkways to ensure they were in proper working order so as not to pose a safety risk to patrons lawfully on the premises.

18. Alt all relevant times hereto, the Defendants were responsible for training its employees to act in a safe and reasonable manner that would in no way put the safety of patrons in danger.

19. Despite the Defendants' duty to maintain and operate the Premises in a safe and proper manner, Defendants nevertheless caused, and allowed to remain, a hazardous and unreasonably dangerous condition to exist on the Premises with full knowledge of such condition.

20. At all relevant times hereto, Plaintiff was conducting herself in a reasonable manner and in no way assumed or should have assumed the risk of harm.

21. At all relevant times hereto, the condition that led to the incident occurring were in no way apparent to Plaintiff.

22. As a result of the negligence of the Defendants, Plaintiff has suffered serious and permanent injuries, including but not limited to:

    a. Fractured left hip (intertrochanteric fracture);

    b.  Open reduction internal fixation (ORIF) surgery with screws;

    c.  Hip pain;

    d.  Bruising;

    e.  Loss of mobility;

    f.  Required use of cane and wheelchair lift;

    g.  Physical and mental pain and suffering; and

    h.  Loss of everyday pleasures and enjoyment of life

23. As a further result of the Defendants' negligence, Plaintiff has sustained pain and suffering, discomfort, inconvenience, inability to engage in day-to-day activities, and humiliation and embarrassment associated with her injuries outlined herein.

24. As a further result of the Defendants' negligence, Plaintiff has been deprived of the ordinary and usual enjoyment of life's pleasures, including social, familial, and recreational.

25. As a further result of the Defendants' negligence, Plaintiff has been forced to expend various sums of money and incur expenses for medical treatment and care, and will be forced to expend such sums for an indefinite period into the future.

26. The dangerous condition created by Defendants was the sole cause of Plaintiff's injuries and subsequent pain, suffering and monetary loss.

27. At all relevant times, the Defendants knew or should have known of the dangerous condition and acted or failed to act in disregard of the same.

**COUNT I**
**NEGLIGENCE**
**MARY ANN MAHAFFEY v. UNITED STATES POSTAL SERVICE**

28. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

29. Defendant, United States Postal Service, by and through its agents, servants, workmen, and/or employees was negligent in:

   a. Having actual and/or constructive notice of the dangerous condition existing in the lobby of the Premises, and knowing, or by the exercise of reasonable care, should have known, that it presented an unreasonable risk of harm to others, including Ms. Mahaffey;

   b. Failing to adequately monitor, inspect and/or maintain the walkways and floor mats on the Premises to ensure the safety of business invitees, including Plaintiff;

   c. Failing to exercise reasonable care to protect Plaintiff and other lawful invitees against the aforementioned dangerous condition then and there existing;

   d. Causing or permitting a dangerous condition to exists in the lobby area of the Premises;

   e. Failing to warn others, such as Plaintiff of the unsafe nature of the Premises when Defendant knew that invitees would not discover or realize the dangerous condition existed;

   f. Knowing the importance of in-depth training, but choosing to allow improperly trained employees to work during post office hours;

   g. Failing to remedy the condition after it knew, or in the exercise of reasonable care should have known, that the floor and/or the employees were not trained properly on how to safely observe their work environment to prevent such a condition from existing;

   h. Failing to afford protection to persons utilizing the Premises, such as Plaintiff, with respect to the dangerous and unsafe condition existing at the time;

   i. Failing to exercise reasonable care in order to keep the floormats and walkways in a safe and proper condition for persons lawfully visiting the Premises;

   j. Breaching the duty owed to the Plaintiff to exercise adequate and proper care in protecting her, and all others lawfully on the Premises, against the aforesaid dangerous condition;

   k. Failing to realize that the Premises presented conditions and/or hazards that were avoidable; and

   l. Acting or failing to act in conscious disregard of the rights and safety of others, including Plaintiff.

30. Solely by reason of the negligence of the Defendant as stated, Plaintiff, suffered serious and permanent injuries enumerated in the foregoing paragraphs of this Complaint.

31. Plaintiff makes a claim for all of her physical and mental pain and suffering as a result of this Incident, all of which have required medical care and treatment.

32. Plaintiff makes a claim for the loss of everyday pleasures and enjoyments of life she has suffered as a result of this Incident.

33. Plaintiff makes a claim for the various sums of money she has been obligated to expend on medical treatment and care as a result of this Incident and will be obligated to expend for an indefinite period of time into the future.

  **WHEREFORE**, Plaintiff demands judgment and seeks all damages allowed under the applicable laws against the Defendant, United States of America, in the amount of $500,000.

**COUNT II**
**NEGLIGENCE**
**MARY ANN MAHAFFEY v. UNITED STATES OF AMERICA**

34. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

35. Defendant, United States of America, by and through its agents, servants, workmen, and/or employees was negligent in:

   a. Having actual and/or constructive notice of the dangerous condition existing in the lobby of the Premises, and knowing, or by the exercise of reasonable care, should have known, that it presented an unreasonable risk of harm to others, including Ms. Mahaffey;

   b. Failing to adequately monitor, inspect and/or maintain the walkways and floor mats on the Premises to ensure the safety of business invitees, including Plaintiff;

 c. Failing to exercise reasonable care to protect Plaintiff and other lawful invitees against the aforementioned dangerous condition then and there existing;

 d. Causing or permitting a dangerous condition to exists in the lobby area of the Premises;

 e. Failing to warn others, such as Plaintiff of the unsafe nature of the Premises when Defendant knew that invitees would not discover or realize the dangerous condition existed;

 f. Knowing the importance of in-depth training, but choosing to allow improperly trained employees to work during post office hours;

 g. Failing to remedy the condition after it knew, or in the exercise of reasonable care should have known, that the floor and/or the employees were not trained properly on how to safely observe their work environment to prevent such a condition from existing;

 h. Failing to afford protection to persons utilizing the Premises, such as Plaintiff, with respect to the dangerous and unsafe condition existing at the time;

 i. Failing to exercise reasonable care in order to keep the floormats and walkways in a safe and proper condition for persons lawfully visiting the Premises;

 j. Breaching the duty owed to the Plaintiff to exercise adequate and proper care in protecting her, and all others lawfully on the Premises, against the aforesaid dangerous condition;

 k. Failing to realize that the Premises presented conditions and/or hazards that were avoidable; and

 l. Acting or failing to act in conscious disregard of the rights and safety of others, including Plaintiff.

36. Solely by reason of the negligence of the Defendant as stated, Plaintiff, suffered serious and permanent injuries enumerated in the foregoing paragraphs of this Complaint.

37. Plaintiff makes a claim for all of her physical and mental pain and suffering as a result of this Incident, all of which have required medical care and treatment.

38. Plaintiff makes a claim for the loss of everyday pleasures and enjoyments of life she has suffered as a result of this Incident.

39. Plaintiff makes a claim for the various sums of money she has been obligated to expend on medical treatment and care as a result of this Incident and will be obligated to expend for an indefinite period of time into the future.

**WHEREFORE**, Plaintiff demands judgment and seeks all damages allowed under the applicable laws against the Defendant, United States of America, in the amount of $500,000.

Respectfully submitted,

**FELLERMAN & CIARIMBOLI LAW, P.C.**

By: _____
MYER S. MESSINGER, ESQ.
183 Market St., Ste. 200
Kingston, PA 18704
ID# 322105
*Attorney for Plaintiff*